IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLA BITZAYA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| OLD WORLD INDUSTRIES, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Nicola Bitzaya, by and through her attorneys, Pedersen & Weinstein LLP, for her Complaint against Defendant, Old World Industries, LLC, states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action under the Equal Pay Act of the Fair Labor Standards Act and the Illinois Equal Pay Act to challenge Defendant's unlawful discrimination against her in the payment of wages based on her gender. Plaintiff also seeks relief for Defendant's violations of the Family and Medical Leave Act.

2. Defendant otherwise subjected Plaintiff to discrimination based on her gender, including pregnancy, with respect to other terms and conditions of her employment. Defendant is also retaliating against Plaintiff as a result of her reporting and opposing the unlawful conduct. After exhausting the administrative process with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), Plaintiff will seek leave to amend this Complaint to add claims under Title VII and the Illinois Human Rights Act ("IHRA").

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and principles of pendent and supplemental jurisdiction.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a current employee of Defendant, Old World Industries, LLC. She began her employment in April 2010.

6. Old World Industries, LLC ("Defendant") develops, manufactures, and distributes automotive products, including those under the brand names of PEAK, BlueDEF and Final Charge. It is headquartered in Northbrook, Illinois but sells its products in more than 60 countries around the world. At all times relevant to this Complaint, Defendant employed more than 50 employees and was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment With Defendant*

7. Plaintiff was first hired by Defendant as a sales assistant and eventually moved into outside sales in approximately 2013. Plaintiff's current title is Account Manager and her job duties include meeting with new and existing commercial clients and distributors to sell Defendant's products and grow her territory.

8. Throughout her employment with Defendant, Plaintiff has discharged all duties assigned to her competently and enjoys an excellent reputation with regard to the high quality of her work and her conscientious devotion to her job. Indeed, she has consistently received positive feedback on her job performance, has regularly met or surpassed her sales goals and

2

quota, and in early 2021 received a merit-based bonus and salary increase for her 2020 performance. Plaintiff has also been described by her managers as "a very positive person and a pleasure to have on the team" and commended for "demonstrat[ing] loyalty to the organization" and for "put[ing] out high quality work."

9. Notably, during her entire 11-plus year tenure with Defendant, and with the exception of one woman who joined the company by virtue of an acquisition and was later demoted and another woman who left after about two years of employment, Plaintiff has been – and continues to be – the only female outside sales representative in the entire organization out of more than 30 sales representatives.

***Defendant Has Discriminated Against Plaintiff With Respect To Her Wages***

10. Consistent with its obvious preference for male employees, and despite her exemplary job performance, Defendant has subjected Plaintiff to discrimination on account of her gender. To be sure, Defendant has treated Plaintiff less favorably than her male peers with respect to both her title and her wages, as well as other terms of her employment.

11. By way of background, Plaintiff has long believed her salary to be lower than similarly situated men and her suspicions were recently confirmed when Defendant reorganized its salesforce and job titles in late 2020. More specifically, in January 2021, Plaintiff discovered that Defendant had downgraded her title from Regional Sales Manager to Account Manager.

12. Plaintiff had not been advised of the title change and asked her immediate supervisor, Michael Wagner ("Wagner"), Channel Director – Industrial Sales, for an explanation. Wagner was not able to provide one, although he informed Plaintiff that upper management actually made the title change months earlier, after she had announced her second pregnancy and plan to take maternity leave. Wagner further disclosed that her new title correlated with a certain

3

pay band.

13. In time, Plaintiff learned that Defendant had also changed the titles of all her male counterparts, but to elevated positions such as Account Executive, Regional Account Executive or Key Account Executive – even when the men had less seniority and/or lower quotas than she did – which only added to her concerns of differential treatment as each upgraded title correlated with a higher pay band. As just one example, Plaintiff learned that Defendant promoted one of her male peers – who reports to the same supervisor and sells the same products as her – to the position of Account Executive, despite him having far less tenure and a substantially lower annual quota than her.

14. Plaintiff subsequently raised these concerns with Wagner, asking him directly whether and how her job duties had changed that warranted a new title, why her title was different from men who had held the same title as her before the change, and whether the company had conducted any pay equity analysis to determine if her compensation was in line with her male peers. Again, Wagner was not able to answer her questions sufficiently, leading Plaintiff – the only outside sales representative in the entire organization to hold the downgraded title – to conclude that her concerns of discrimination were well-founded.

15. On March 8, 2021, Wagner finally responded to Plaintiff's concerns and claimed that her new job title was a "mistake" made by Chief Sales Officer John Overmyer. However, rather than remedy the blatant discrimination, Wagner instead told Plaintiff that she should work with the diminished title for the rest of the year and they could revisit the issue at a later time.

16. Wagner tried to minimize the situation by claiming an immediate change would merely be a "reclassification of [Plaintiff's] title," but then acknowledged that if her title were elevated (as it should be), it would mean an increase in pay for her.

17. Plaintiff immediately understood that Defendant intentionally had given her a lower job title because it correlated with a lower pay band and lower salary the company discriminatorily paid her and that it had no plans to change either.

18. Even if Defendant's downgrading of Plaintiff's title truly had been a "mistake" as it claims (which it was not in any event), Defendant's refusal to correct it stands in sharp contrast to how it handled the title change of a male sales representative who truly was mistakenly given a lower title; Defendant immediately corrected it.

19. Wagner further patronized Plaintiff, who was on maternity leave at the time, by telling her, "I am sure you have your hands full and are hopefully also getting some rest," as though having a baby and being on leave somehow excused the company's discrimination or distracted Plaintiff from realizing it. Plaintiff was stunned by the cavalier attitude toward the issue and was left with no doubt that the company clearly values the careers of men over those of women.

20. Upon information and belief, Defendant has discriminated against Plaintiff with respect to her wages in other ways, including giving her lower raises, failing to give her a raise at all, paying her a lower bonus each year as compared to her male colleagues, and refusing to let her go on incentive trips for which she qualified.

***Defendant's Gender Discrimination Against Plaintiff Is Not Limited To Her Compensation***

21. Defendant's discriminatory animus toward Plaintiff with respect to her pay is further demonstrated by its other discriminatory treatment against her based on her gender.

22. For example, throughout her tenure, Plaintiff has repeatedly expressed interest in promotional opportunities and made it known she wanted to advance her career within the organization. Despite her expressed interest and qualifications, Defendant has steadfastly

5

refused to consider Plaintiff for such roles and instead routinely has promoted less qualified men.

23. In addition to the pay and promotional inequities, Defendant has treated Plaintiff adversely because of her pregnancy and violated the FMLA. In particular, Defendant refused to pro rate Plaintiff's quota for the time she was out on medical/maternity leave, despite her request and Defendant's legal obligations under the FMLA. As a result, Plaintiff will be denied proper commissions and bonuses and made to appear – albeit falsely – as though she is a poor performer. Plaintiff previously suffered the same adverse actions when she took a maternity leave in 2015.

24. The cumulative effect of these actions is that Plaintiff has been forced to work in a hostile environment.

***Plaintiff Complained About Discrimination, But To No Avail***

25. As noted above, Plaintiff reported her concerns to Defendant that it was paying her less than it paid men for doing the same work. Plaintiff also reported and opposed the other unlawful conduct described above.

26. Despite her complaints of the discriminatory treatment, Defendant has failed to take appropriate remedial action and instead has allowed the discrimination to continue unabated.

27. Defendant's conduct in paying Plaintiff less for doing the same work as men and giving her a lesser title, and then steadfastly refusing to fix it after admitting the discrepancy, constitutes a plain and willful violation of the Equal Pay Act.

28. When it became clear that Defendant had no intention of remedying or addressing the blatant discrimination, Plaintiff was left with no choice but to seek assistance from outside the company. Accordingly, on or about June 23, 2021, Plaintiff filed a charge of discrimination

with the EEOC which, at the time of this filing, is still pending.

***Defendant Has Retaliated Against Plaintiff For Her Opposition To Its Unlawful Conduct***

29. As a result of Plaintiff opposing Defendant's unlawful and discriminatory conduct, Defendant has retaliated against her.

30. For example, on June 10, 2021, Defendant directed certain employees to preserve and retain "[a]ll social media posts or activity" of Plaintiff. This edict not only violates the Illinois Personnel Records Review Act, which makes it unlawful for employers like Defendant to "gather or keep a record of an employee's associations, political activities, publications, communications or nonemployment activities," (820 ILCS 40/9), but also constitutes harassment and is intended to intimidate Plaintiff from pursuing her claims.

31. For further example, Defendant has prohibited its employees – including Plaintiff herself – from discussing Plaintiff's claims with anyone, including telling them that if anyone other than the company's counsel contacts them about this matter, they are to decline discussing it and must notify the company's attorney immediately. This mandate is intended to prevent Plaintiff from gathering information necessary to prosecute her claims and violates Title VII and other federal law, notably Section 7 of the National Labor Relations Act.

***Defendant Failed to Exercise Reasonable Care To Prevent And Correct Unlawful Conduct***

32. Defendant's management directed, encouraged, and participated in the above-described unlawful conduct.

33. The discrimination and retaliation described above was consistent with Defendant's standard operating procedure.

34. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

*Plaintiff Timely Filed A Charge Of Discrimination*

35. Plaintiff timely filed a charge of discrimination against Defendant with the EEOC, which was cross-filed with the IDHR. That charge is still pending with both agencies.

36. After exhausting the administrative process, Plaintiff will request her Notices of Right to Sue and seek leave to amend this Complaint to add claims for gender and pregnancy discrimination, as well as retaliation, under Title VII and the IHRA.

*Plaintiff Suffered Damages*

37. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered extreme emotional distress.

38. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

39. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

40. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct, as well as incurring attorneys' fees and costs.

*Punitive Damages*

41. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive and/or liquidated damages.

## COUNT I

### VIOLATION OF THE EQUAL PAY ACT

42. Plaintiff realleges paragraphs 1 through 41 and incorporates them by reference into Count I of this Complaint.

43. The Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. Sections 206 and 207, makes it unlawful for an employer to pay lower wages or fringe benefits to employees of one sex than it does to similarly situated employees of the other sex.

44. Plaintiff was paid lower wages than male employees in substantially equal jobs even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility of male employees.

45. The differential in pay between sexes was not pursuant to seniority, merit, quantity or quality of production, but was due to sex.

46. Defendant intentionally paid Plaintiff less than it paid male employees who were performing substantially equal work.

47. By its conduct as alleged herein, Defendant willfully discriminated against Plaintiff with respect to her wages in violation of the Equal Pay Act.

## COUNT II

### RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

48. Plaintiff realleges paragraphs 1 through 47 and incorporates them by reference into Count II of this Complaint.

49. The Equal Pay Act, 29 U.S.C. Section 215(a)(3), makes it unlawful for any person to discharge or in any manner discriminate against any employee because she complained of wage discrimination.

50. Plaintiff complained of unfair wage practices.

51. Defendant retaliated against Plaintiff for her complaints in violation of the anti-retaliation provisions of the Equal Pay Act. By its conduct, Defendant subjected Plaintiff to unlawful retaliation in violation of the Equal Pay Act.

## COUNT III

### VIOLATION OF THE ILLINOIS EQUAL PAY ACT

52. Plaintiff realleges paragraphs 1 through 51 and incorporates them by reference into Count III of this Complaint.

53. The Illinois Equal Pay Act, 820 ILCS 112/1 et seq., makes it unlawful for an employer to pay lower wages to employees of one sex than it does to similarly situated employees of the other sex.

54. Plaintiff was paid lower wages than male employees in substantially equal jobs even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility of male employees.

55. The differential in pay between sexes was not pursuant to seniority, merit, quantity or quality of production, but was due to sex.

56. By its conduct as alleged herein, Defendant willfully discriminated against Plaintiff with respect to her wages in violation of the Illinois Equal Pay Act.

## COUNT IV

### RETALIATION IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT

57. Plaintiff realleges paragraphs 1 through 56 and incorporates them by reference into Count IV of this Complaint.

58. The Illinois Equal Pay Act, 820 ILCS 112/10, makes it unlawful for any person to

discharge or in any manner discriminate against any employee because she complained of unfair wage practices.

59. Plaintiff complained of unfair wage practices.

60. Defendant retaliated against Plaintiff for her complaints in violation of the anti-retaliation provisions of the Illinois Equal Pay Act. By its conduct, Defendant subjected Plaintiff to unlawful retaliation in violation of the Illinois Equal Pay Act.

## COUNT V

### UNLAWFUL CONDUCT IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

61. Plaintiff realleges paragraphs 1 through 60 and incorporates them by reference into Count V of this Complaint.

62. The FMLA entitles eligible employees to a 12-week leave during any 12-month period for a serious health condition. Plaintiff was an eligible employee.

63. The FMLA also entitles any employee who takes such a leave to be restored to her former position or an equivalent position with equivalent terms and conditions of employment as her former position.

64. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the Act.

65. By the conduct as alleged herein, Defendant violated the FMLA.

66. Defendant's actions toward Plaintiff constitute willful violations of the FMLA.

## COUNT VI

### RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

67. Plaintiff realleges paragraphs 1 through 66 and incorporates them by reference

11

into Count VI of this Complaint.

68. The FMLA makes it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice it makes unlawful. Similarly, the FMLA makes it unlawful for any employer to discharge or discriminate against anyone for taking part in proceedings or inquiries under the FMLA.

69. By the conduct as alleged herein, Defendant violated the FMLA.

70. Defendant's actions toward Plaintiff constitute willful violations of the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against the Defendant as follows:

a. Declare that the acts and conduct of Defendant violate the Equal Pay Act, the Illinois Equal Pay Act, and the FMLA, as well as the anti-retaliation provisions of those laws;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

c. Award Plaintiff the value of all compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d. In the alternative to paragraph (c), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff liquidated damages;

h. Award Plaintiff prejudgment interest;

i. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

j.  Award Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  June 24, 2021

                                                     Respectfully submitted,

                                                     By:
                                                           */s/Erika Pedersen*
                                                          Attorney No. 6230020

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
33 N. Dearborn Street
Suite 1170
Chicago, IL  60602
(312) 322-0710
(312) 322-0717 (facsimile)